# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned On Briefs October 1, 2013

## KEITH WILLIAMS v. JOE EASTERLING, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. CC-2012-CR-144    Joseph H. Walker, III, Judge**

---

**No. W2012-02050-CCA-R3-HC - Filed January 22, 2014**

---

Petitioner, Keith Williams, pled guilty to two counts of aggravated assault, one count of assault, and one count of domestic assault in case numbers 5338, 5767, 6756, and 6757 in Haywood County over a period of several years. For each of the convictions, Petitioner was sentenced and ordered to serve the sentence on probation. Several probation violation reports were filed against Petitioner. Eventually, probation was revoked. Petitioner sought habeas corpus relief in Hardeman County on the basis that his sentences had expired. The habeas corpus court dismissed the petition for relief without a hearing, finding that Petitioner failed to show that his judgments were void or that his sentence had expired. Petitioner appealed. After a review of the record, we affirm the judgment of the habeas corpus court because Petitioner has failed to show that his sentences have expired or that the judgments are void.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Keith Williams, Pro Se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; and Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

According to the technical record, Petitioner pled guilty to aggravated assault in Haywood County in August of 2004 in case number 5338. As a result, Petitioner was sentenced to a three-year sentence. The trial court granted pretrial jail credit from May 7, 2004, to August 16, 2004. The trial court granted Petitioner an alternative sentence and ordered Petitioner to serve the suspended sentence on probation.

In November of 2006, Appellant pled guilty to aggravated assault in Haywood County in case number 5767. As a result, he was sentenced to three years to be served consecutively to the three-year sentence in case number 5338. The judgment reflects pretrial jail credit from February 26, 2006, to October 11, 2006, and that the "sentence is suspended to time served."

In February of 2012, Petitioner pled guilty to one count of assault in case number 6756 and one count of domestic assault in case number 6757. The judgment forms for these convictions do not appear in the record on appeal. The technical record includes guilty plea waiver forms that were submitted by Petitioner with his petition for writ of habeas corpus. The guilty plea waiver forms indicate that Petitioner was to receive a sentence of eleven months and twenty-nine days for each of the convictions, to be served concurrently with each other and concurrently with the sentences in case numbers 5338 and 5767.

In March of 2006, a probation violation report was entered in case number 5338, based on Petitioner's arrest for aggravated assault in case number 5767. According to the report, Petitioner assaulted a woman with a bat, failed to report the arrest, failed to pay his court costs, engaged in assaultive behavior, and posed a threat to others. As a result of the probation violation, the trial court revoked Petitioner's suspended sentence in case number 5338, suspended the balance of the sentence, and returned Petitioner back to supervised probation.

In January of 2007, the State filed a second probation violation report in case number 5338 as a result of Petitioner's arrest for domestic assault in case number 6757. The record reflects that this violation of probation was dismissed in April of 2007.

The record also contains an order filed in April of 2007 dismissing a violation of probation warrant in case number 5767. There is no corresponding probation violation report in the record.

In July of 2011, the trial court entered an order pertaining to case numbers 6756, 6757, 5767, and 5338. The order states that Petitioner was "released from the Haywood County Jail and his bonds in 6756 and 6757 are hereby reinstated and his ROR is hereby reinstated on 5767 and 5338."

In February of 2012, the trial court entered an order in which it revoked Petitioner's probation in case numbers 5338 and 5767, and ordered the balance of the sentences to be served concurrently with the sentences in case numbers 6756 and 6757. This decision was made on the basis of a "petition of the State . . . for failure to abide by their rules and regulations."

Thereafter, Petitioner filed a petition for writ of habeas corpus in which he argued that he was being imprisoned on judgments that are both "expired and void." Petitioner claimed that the trial court was without jurisdiction to revoke the suspension of the sentences in case numbers 5338 and 5767 because the sentences had expired prior to the commencement of the revocation proceedings due to the fact that he received pretrial jail credit which "effectively reduced his three (3) year[] probationary sentences in case [numbers] 5338 . . . [and] 5767." Specifically, Petitioner insists that his sentence in case number 5338 expired on August 15, 2009, and his sentence in 5767 expired on December 30, 2011, prior to the commencement of revocation proceedings.

On August 23, 2012, the habeas corpus court denied the petition for relief. The habeas corpus court determined that "the revocation order entered in February 2012 orders the sentences are to be served concurrent with Haywood Circuit 6756 and 6757, which have not expired." As a result, the habeas corpus court determined that Petitioner's sentences had not expired and habeas relief was not appropriate.

Petitioner filed a timely notice of appeal. Prior to the filing of his brief, Petitioner sought leave to supplement the record with the Tennessee Offender Management Information System Sheet dated January 9, 2013, the Offender Credits Select Sheet dated February 11, 2013, and an order from the Haywood County Circuit Court entered on March 19, 2012. This Court denied the motion, in part because Petitioner failed to "disclose whether these documents were entered as exhibits or otherwise considered by the trial court."

*Analysis*

*A. Motion for Consideration of Post-Judgment Facts*

In conjunction with his brief, Petitioner filed a "Motion for Consideration of Post-Judgment Facts" in accordance with Tennessee Rule of Appellate Procedure 14. In the motion, Petitioner asks this Court to consider: (1) an order entered by the Circuit Court of Haywood County filed March 19, 2012, "correcting pre-trial jail credit"; (2) a copy of a policy of the Tennessee Department of Correction; and (3) Petitioner's Offender Credits Select printout.[1]

Under certain limited circumstances, an appellate court may consider facts pertaining to a matter which arise after entry of the trial court's judgment. *See State v. Williams*, 52 S.W.3d 109, 122 (Tenn. Crim. App. 2001). Tennessee Rule of Appellate Procedure 14(a), which governs consideration of post-judgment facts, applies only "to those facts, capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters." The comments to Rule 14 also indicate that the facts must be "unrelated to the merits and not genuinely disputed." Facts which are not appropriate for consideration under Rule 14 include those which are merely cumulative, could be controverted or contested when presented to the trial court, and which might lead to differing opinions or conclusions. *Duncan v. Duncan*, 672 S.W.2d 765, 767 (Tenn. 1984). Rule 14, therefore, "is not intended to permit a retrial in the appellate court." Tenn. R. App. P. 14, Advisory Comm'n Cmts.

Here, Petitioner asks this Court to consider an order entered by the Haywood County Circuit Court, detailing pretrial jail credits in case number 5767. These are not post-judgments facts. They were readily available at the time Petitioner filed the habeas petition at issue herein. This motion is nothing more than another attempt by Petitioner to supplement the record with these materials. This Court has already denied such a motion. The motion for consideration of post-judgment facts is denied.

*B. Review of Denial of Habeas Corpus Relief*

On appeal, Petitioner challenges the habeas corpus court's denial of relief. Specifically, Petitioner alleges that the Haywood County Circuit Court never had jurisdiction to revoke his probation in case number 5338 because his sentence had already expired. The State counters that Petitioner failed to demonstrate on the face of the judgments attached to

---

[1] These are the same documents with which Petitioner attempted to supplement the record.

his petition that his conviction was void or his sentence had expired, and, thus, the habeas corpus court properly denied relief.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 995 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as Petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, is a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

"A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements; however, dismissal is not required." *Hickman*, 153 S.W.3d at 21.

The habeas corpus court dismissed the petition herein based on the fact that Petitioner failed to show that his sentences in case numbers 5338 and 5767 had expired prior to the revocation of his probation on February 14, 2012. Petitioner alleged that his three-year sentence in case number 5338, which commenced on August 16, 2004, expired on August 15, 2009, after the application of pretrial jail credit. Petitioner also alleged that his sentence in case number 5767 expired on December 30, 2011, after the application of pretrial jail credit.

When a probation revocation warrant is issued within the term of the probation, it tolls the limitation of time in which the court may act to revoke probation. *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001); *State v. Clark*, 970 S.W.2d 516, 518 (Tenn. Crim. App. 1998); *see also* T.C.A. § 40-35-310. Petitioner did not provide adequate documentation to

show that he is entitled to credit for time spent in confinement or calculate the total amount of time to be credited against his pending sentences. The judgment in case number 5338 shows pretrial jail credit from May 7, 2004, to August 16, 2004. The guilty plea waiver form for case number 5338 shows 102 days credit. The judgment in case number 5767 shows pretrial jail credit for February 26, 2006, to October 11, 2006, and the corresponding guilty plea waiver form indicates that there were 240 days of credit. Additionally, Petitioner submitted TOMIS reports to support his claim that the sentences were expired prior to the commencement of the revocation proceedings. This Court has held that TOMIS reports are not to be considered a part of the record of the underlying proceedings for purposes of habeas corpus claims. *Tucker v. Morrow*, 335 S.W.3d 116, 124 (Tenn. Crim. App. 2009). Moreover, Petitioner did not include at least two revocation warrants, one that corresponds with the order in which the convicting court released Petitioner on his own recognizance in case numbers 5338 and 5767, and one that formed the basis for the revocation order of February 14, 2012. The record also fails to include judgment forms for cases 6756 and 6757. The failure to include these documents alone is enough for the habeas corpus court to deny relief. *See William Henry Preston v. Jewel Steel, Warden* No. M2013-00276-CCA-R3-HC, 2013 WL 4792482, at *2 (Tenn. Crim. App., at Nashville, Sept. 9, 2013) (denying relief to petitioner who failed to include judgments necessary to prove his sentence was void). Petitioner has not shown by a preponderance of the evidence that his sentences are expired in case numbers 5338 or 5767 or that the judgments are void. Further, it is unclear from the record before this Court when the sentences in case numbers 6756 and 6757 expire. Petitioner is not entitled to relief. Consequently, the judgment of the habeas corpus court is affirmed.

*Conclusion*

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.

_____
JERRY L. SMITH, JUDGE