Fine v. Lawless.

## H. N. Fine *et al.* *v.* J. W. Lawless *et al.*

### (*Knoxville.* September Term, 1918.)

1. **COURTS.** Appellate jurisdiction. **Supreme court of Tennessee. Issue of fact.**

Where supreme court, having decreed injunction, was thereafter petitioned for relief against violation thereof, and defendants, answering petition, claimed plaintiffs had denuded themselves of right to injunction by a contract entered into pending the appeal of the case and before injunction was decreed, of which fact record was silent, an issue of fact was raised for determination by court of original jurisdiction, and on which the supreme court, having only appellate jurisdiction, could not pass. (*Post, p.* 455.)

2. **APPEAL AND ERROR.** Appellate jurisdiction. **Tennessee supreme court. Record.**

The supreme court, exercising appellate jurisdiction of a case involving issue of fact, will look only to the record sent up from the inferior court. (*Post, p.* 455.

3. **COURTS.** ''Appellate jurisdiction.'' Matter of fact transpiring pending the appeal.

The phrase "appellate jurisdiction" refutes any idea of framing and settling issues in a court of such jurisdiction in regard to a matter of fact transpiring pending the appeal. (*Post, p.* 455.)

Cases cited and approved: Riggs v. White, 51 Tenn., 503; Dodds v. Duncan, 80 Tenn., 731.

---

### FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County.—Hon. W. B. Garvin, Chancellor.

THOMPSON, WILLIAMS & THOMPSON and J. L. LEVINE, for appellants.

COOKE & NOLL and T. S. MYERS, for appellees.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

In this cause at the last term of this court a decree passed (in accord with opinion reported 139 Tenn., 160, 201 S. W., 160, L. R. A., 1918C, 1045), enjoining defendants Lawless Bros., from holding a certain lease as against Fine, for whom the lease was declared to be held in trust. Fine now presents a petition in which he claims that Lawless Bros. have violated the injunctive decree, by holding and using for themselves the demised storehouse. Relief at our hands is prayed by petitioner Fine.

It appears that, after the decree in the chancery court and before the hearing of the cause and the rendition of said decree in this court, Fine had vacated the premises, and that Lawless Bros. had taken possession. These facts were not disclosed by the record filed in this court, since they occurred pending the appeal.

Fine in his petition contends that he did not intend in so vacating to abandon his right to have Lawless Bros. prevented from enjoying the use of the storehouse for that firm's mercantile business. On the other hand, Lawless Bros. answer and defend on the ground that Fine had voluntarily transferred

possession of the building on August 15, 1917, before the injunction was first awarded, in February, 1918. In other words defendants' insistence is that by the terms of a contract entered into pending the appeal Fine denuded himself of the right to have them enjoined, as was later decreed upon a record which was silent touching the fact of Fine's having vacated and surrendered the premises.

It is manifest that there is thus raised an issue that we cannot pass upon. To do so would be to exercise original jurisdiction, whereas our jurisdiction is appellate in character.

"Appellate jurisdiction" of a case involving such an issue necessarily implies that the issue has been formulated and passed upon in some inferior tribunal. In the exercise thereof we look only to the record sent up from such inferior court. The phrase "appellate jurisdiction" refutes any idea of framing and settling issues in a court of such jurisdiction in regard to such a matter transpiring pending the appeal. *Riggs* v. *White,* 4 Heisk. (51 Tenn.), 503; *Dodds* v. *Duncan,* 12 Lea (80 Tenn.), 731.

We decline to entertain the petition. It should be noted that the chancery court had declined to enjoin Lawless Bros.