**Angelia Nicholson DUNCAN,
Plaintiff-Appellee,**

v.

**Joseph Frank DUNCAN, Sr.,
Defendant-Appellant.**

Supreme Court of Tennessee,
at Nashville.

June 25, 1984.

Charles H. Warfield, James G. Martin,
III, Nashville, for defendant-appellant.

John W. Nolan, III, Philip W. Duer, William R. Willis, Nashville, for plaintiff-appellee.

## OPINION

BROCK, Justice.

### I

We granted the defendant's application for an extraordinary appeal pursuant to Rule 10, Tennessee Rules of Appellate Procedure, in order to consider the propriety of the action of the Court of Appeals in granting the plaintiff's motion to consider certain post-judgment facts under Rule 14, Tennessee Rules of Appellate Procedure.

This appeal arose out of an action for divorce filed in the Fifth Circuit Court for Davidson County, Tennessee. At the trial of this cause in May and July, 1982, the valuation of the defendant's interest in Security Alarms and Services, Inc., was a major point of contention. The defendant and the company's other major shareholder had formed Security Alarms and Services in 1966. The defendant had worked exclusively for the company since 1969. The stock in the company was closely held with the defendant owning a 47% interest. The plaintiff did not own any company stock in her own name.

On September 30, 1982, the trial court granted the plaintiff a divorce in a decree which included a detailed division of property. Both parties owned substantial assets in their own names, and for the most part the decree did not disturb this ownership. The trial court determined, however, that the Security Alarms stock was accumulated through the joint effort of the parties, and therefore awarded the plaintiff a ¼ interest in the defendant's stock.

At trial, three accountants testified as to the value of the stock, two testifying for the defendant and one for the plaintiff. The trial court determined that the 47% share was worth $400,000.00, resulting in a $100,000.00 interest for the plaintiff. Because the stock was closely held, the court awarded the plaintiff other property and cash equivalent in value to and in lieu of her ¼ interest on the defendant's stock. Accordingly, the final decree divested the plaintiff of her interest in the stock, reinvesting it in the defendant.

The plaintiff filed her notice of appeal on October 26, 1982. After the filing of briefs by both parties in the Court of Appeals, but prior to oral argument, the plaintiff on May 24, 1983, filed a motion under Rule 14, Tennessee Rules of Appellate Procedure. The plaintiff, in an attached affidavit, stated that just after the September 30 divorce decree, she was told that the company had been offered for sale at a price in the range of $7 million dollars; that in January, 1983, she learned that the company had been sold, the price remaining secret; that on May 2, 1983, the company comptroller told her the business had been sold but would not disclose the sale price; and that she believed that the negotiations for the sale began shortly after entry of the September divorce decree with the defendant and the other major stockholder agreeing to sell the business in secret to the prejudice of her rights.

Newspaper articles attached to the motion stated that Security Alarms was sold on May 23, 1983, for a reported $4 million. One of the articles quoted the defendant to the effect that the reported sale price "is pretty close." The plaintiff requested that additional proof be taken concerning the sale, or in the alternative, that the case be remanded to the trial court for additional proof.

The Court of Appeals noted that the plaintiff had not offered admissible evidence of the post-judgment facts. It granted the motion, however, and "remanded to the Trial Court for the limited purpose of developing the facts in regard to an alleged sale by appellee of the Security Alarms and Services, Inc. since the entry of the judgment from which appeal is pending in this Court." This appeal from that order followed.

### II

Rule 14 empowers an appellate court, in its discretion, to consider certain facts

which occur after judgment. The rule contains no hard and fast standard for its application. Rather it provides as follows:

"While neither controlling nor fully measuring the court's discretion, consideration generally will extend only to those facts, capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters. Nothing in this rule shall be construed as a substitute for or limitation on relief from the judgment available under the Tennessee Rules of Civil Procedure or the Post-Conviction Procedure Act."

Additional guidance as to the scope of Rule 14 is found in the Advisory Commission Comment to the Rule:

"Although the appellate court should generally consider only those facts established at trial, it occasionally is necessary for the appellate court to be advised of matters arising after judgment. These facts, unrelated to the merits and not genuinely disputed, are necessary to keep the record up to date. This rule gives the appellate court discretion to consider such facts. This rule is not intended to permit a retrial in the appellate court."

■ Rule 14 must also be understood in the context of the constitutional and statutory powers of this Court and the Court of Appeals. The jurisdiction of the Court is appellate only.[1] Tenn. Const. Art. VI, § 2. In *Fine v. Lawless,* 140 Tenn. 453, 205 S.W. 124 (1918), the Court was asked to consider certain facts which had taken place pending appeal. The facts were controverted, involving a dispute as to the intention of a party vacating the premises of a building. The Court held that to consider these facts involved the exercise of original jurisdiction. The Court stated:

" 'Appellate jurisdiction' of a case involving such an issue necessarily implies that the issue has been formulated and passed upon in some inferior tribunal. In the exercise thereof we look only to the record sent up from such inferior court. The phrase 'appellate jurisdiction' refutes any idea of framing and settling issues in a court of such jurisdiction in regard to such a matter transpiring pending the appeal." *Id.* at 455, 205 S.W. 124.

On the basis of similar constitutional provisions, some appellate courts have held it beyond their power to receive any evidence not produced at trial. *See, e.g., Schmidt v. Equitable Life Assur. Soc.,* 376 Ill. 183, 33 N.E.2d 485 (1941); *Southern Pacific Transportation Co. v. Lueck,* 111 Ariz. 560, 535 P.2d 599, 615 (1975). There is no need, however, to go so far as to prohibit consideration of all post-judgment facts. In *Crawford v. Crawford,* 163 Kan. 126, 181 P.2d 526, 531–32 (1947), the court held that a statute permitting appellate courts to receive additional evidence would be unconstitutional if construed to authorize prolongation or renewal of the trial of issues of fact or appeal. But the Court held it constitutional if interpreted as merely providing a means of exercising its appellate jurisdiction. Accordingly, it limited the scope of such evidence so as not to include

" '... what would be mere cumulative evidence, nor evidence which it would be possible to controvert or dispute in the trial court, nor concerning the effect of which there might be differences of opinion, or from which different conclusions could possibly be drawn.' " *Id.* 181 P.2d at 532, quoting *Wideman v. Faivre,* 100 Kan. 102, 163 P. 619 (1918).

As to those matters which could be considered the court stated

" 'Sometimes the court is in need of extraneous evidence respecting some situation or fact to enable it to determine, not the propriety of the conduct of the dis-

---

1. The "other jurisdiction" given the Court in Art. VI, § 2, is not here relevant. *See, e.g., State ex rel. Conner v. Hebert,* 127 Tenn. 220, 154 S.W. 957 (1913) for a discussion of this "other jurisdiction."

trict court, but the nature of the judgment to be directed. Sometimes a document, or public record, or other item of evidence of like character, material to a proper determination of the appeal and substantially incontestible, is called for, or is examined if produced, and then is treated in the same way as an admission of the parties would be treated if found in the record.'" *Id.* quoting *Hess v. Conway,* 93 Kan. 246, 144 P. 205 (1914).

We agree with the Kansas court that courts in the exercise of their appellate jurisdiction are not prevented from considering post-judgment facts if such facts are appropriately limited. But in determining the applicability of Rule 14, the constitutional limitations on the use of post-judgment facts must be kept in mind. And although they are not controlling, we regard the limitations on the use of post-judgment facts found in the language quoted in *Crawford v. Crawford* to be particularly valuable as a guideline in determining the scope of Rule 14.

The few reported cases which have applied the rule since its adoption in 1979 also provide an indication as to its scope. In *State ex rel. SCA Chem. etc. v. Konigsberg,* 636 S.W.2d 430 (Tenn.1982), the relator sought an order of mandamus requiring the issuance of a clean air permit and a building permit. Pending appeal of the case, the relator received the clean air permit. This fact was readily ascertainable and not subject to dispute and it rendered a portion of the case moot. This Court found it appropriate for consideration under Rule 14.

On the other hand, the Court denied consideration of "pleadings and other matters concerning a subsequent suit between the same parties." *Id.* at 432. Rule 14 specifically contemplates the consideration of facts regarding "other judgments or proceedings." Yet when, as in *Konigsberg,* the pleadings of another case are irrelevant to the case on appeal, a Rule 14 motion is appropriately denied.

*Jones v. Mulkey,* 620 S.W.2d 498 (Tenn. App.1981) involved an action brought by the plaintiffs for insurance benefits or policies covering the plaintiffs' insured deceased son. The defendant insurance company claimed that it was entitled to a credit, for, *inter alia,* the amount of liability coverage paid to the plaintiffs by a third insurance company not a party to the lawsuit. Pending appeal, the non-party insurance company paid into court the amount of the coverage in discharge of its liability. *Id.* at 499 n. 2. This was a matter which was pertinent to the case, yet not genuinely disputed by the parties. It was appropriately considered by the Court of Appeals in order to keep the record up to date.

### III

In light of these considerations, we now look to the facts in the instant case. The plaintiff filed her motion in order "for the Court to consider the sales price [of the defendant's stock] in disposing of the issues on appeal." The plaintiff contends that the sale of the stock conclusively establishes its value.

It may be the case that the fact of the sale as well as the sales price are readily ascertainable and not subject to dispute. But there is unquestionably a genuine dispute as to the relationship of the sales price of stock sold in May, 1983, to its value either at the time of trial a year earlier or at the time of the entry of the divorce decree in September, 1982.

The plaintiff's purpose in filing the motion was to place before the appellate court additional evidence, not heard by the trial court, on an issue which was and is hotly disputed, i.e., the value of the defendant's stock. These post-judgment facts can hardly be characterized as "unrelated to the merits." Instead, the Rule 14 motion amounts to an attempt to relitigate the issue of value, a purpose outside the scope of the rule.

The plaintiff suggests that since the Court of Appeals remanded the case to the trial court rather than determining the post-judgment facts itself, relitigation is appropriate. This distinction is without

merit. Insofar as the trial court hears new evidence pursuant to a remand under the authority of Rule 14, it is acting in aid of the Court of Appeals' appellate jurisdiction and is bound accordingly.

At the heart of the plaintiff's motion is the contention that the subsequent sale is relevant because it indicates fraud or misrepresentation. Evidence supporting allegations of fraud or misrepresentation typically is such that differing conclusions or opinions can be formed on the basis of it. It is difficult to imagine a matter more subject to dispute or less readily proved than such allegations, especially as they appear in this case.

We thus conclude that the post-judgment facts offered by the plaintiff are wholly outside the scope of Rule 14. Accordingly, we hold that the Court of Appeals erred in granting the plaintiff's motion. Plaintiff's remedy in this respect, if any, is under Rule 60.02, T.R.C.P.

The judgment of the Court of Appeals granting the plaintiff's Rule 14 motion is reversed. The case is remanded to the Court of Appeals of Tennessee, Middle Section, for further proceedings not inconsistent with this opinion. Costs are adjudged against the plaintiff.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.