IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

## PETER GREGG McKEE v. PENNY MARIE PEARSALL McKEE

**Appeal from the Chancery Court for Maury County**
**No. 96-493      Jim T. Hamilton, Chancellor**

---

**No. M1997-00204-COA-R3-CV**

---

**OPINION DENYING PETITION FOR REHEARING**

KOCH, J., delivered the opinion of the court, in which TODD, P.J., M.S., and CANTRELL, J., joined.

Peter Gregg McKee has filed a petition pursuant to Tenn. R. App. P. 14 and 39 requesting this court to reconsider its May 23, 2000 opinion in light of the post-judgment sale of the parties' house and lot in North Carolina. He points out that he brought this sale to the court's attention in his brief and suggests that we overlooked this information in preparing our May 23, 2000 opinion. We did not overlook the footnote and appendix containing this information in Mr. McKee's brief. We did, however, decline to consider it because, absent Tenn. R. Civ. P. 60 grounds for relief, post-judgment changes in the value of marital property cannot provide a basis for second-guessing a trial court's otherwise proper valuation decision.

While this divorce proceeding was pending, the parties decided to sell the North Carolina property and listed it with an asking price of $565,000. They had received no offers at the time of the trial. However, Mr. McKee testified that the equity in the home was $500,000; while Ms. McKee estimated the equity to be $530,000. The trial court valued the property at $500,000 for the purpose of dividing the marital estate. Four months after the entry of the final divorce decree, the parties sold the property for $508,000 and received $447,940.90 after deducting the sales commission, federal capital gains tax, and applicable North Carolina taxes.

In light of this sale, Mr. McKee asserts that we should have valued the North Carolina property at $447,940 rather than at $500,000. We disagree for four reasons. First, the appellate record does not contain any evidence regarding the post-judgment sale of the property.[1] Second, Mr. McKee did not request consideration of post-judgment facts when he filed his original brief. Third, Mr. McKee did not seek relief from this portion of the judgment under Tenn. R. Civ. P. 60 and has

---

[1] It is an elemental rule of appellate practice that parties may not attach to their briefs evidentiary material never introduced at trial. *See Richmond v. Richmond*, 690 S.W.2d 534, 535 (Tenn. Ct. App. 1985); *Patterson v. Hunt*, 682 S.W.2d 508, 517-18 (Tenn. Ct. App. 1984); *see also West v. State*, No. 03C01-9108-CR-00239, 1992 WL 5240, at *3 n.1 (Tenn. Crim. App. Jan. 15, 1992), perm. app. denied (Tenn. May 4, 1992).

not articulated any grounds for this sort of relief. Fourth, neither Mr. McKee nor Ms. McKee took issue in their briefs with the trial court's valuation of their interest in the North Carolina property.

This court's review of factual questions is generally confined to the evidence presented at trial and contained in the record on appeal. *See* Tenn. R. App. P. 13(c). We may consider certain post-judgment facts in accordance with Tenn. R. App. P. 14, but these facts should be unrelated to the merits. *See* Tenn. R. App. P. 14 advisory comm'n cmt. The Tennessee Supreme Court has held that Tenn. R. App. P. 14 does not provide a vehicle for relitigating disputed factual issues by placing before an appellate court evidence not heard or considered by the trial court. *See Duncan v. Duncan*, 672 S.W.2d 765, 768 (Tenn. 1984). Accordingly, in the absence of grounds for Tenn. R. Civ. P. 60 relief, we have declined to consider evidence regarding post-judgment increases in the value of property awarded to a spouse. *See Wade v. Wade*, 897 S.W.2d 702, 722-23 (Tenn. Ct. App. 1994); *Duncan v. Duncan*, 789 S.W.2d 557, 564 (Tenn. Ct. App. 1990). The same rule should apply to evidence regarding post-judgment decreases in the value of property.

After again reviewing the evidence in the appellate record regarding the value of the North Carolina property, we have determined that the $500,000 value placed on this property by the trial court is within the range of value testified to by the parties themselves and that the evidence does not otherwise preponderate against the trial court's decision to value the parties' interest in this property at $500,000. Mr. McKee's petition for rehearing and for consideration of post-judgment facts is, therefore, respectfully denied.

In the process of reviewing our May 23, 2000 opinion, we discovered two erroneous calculations regarding the parties' interest in the marital property. We now correct these errors on our own motion because they materially affect the division of the marital estate. We have already determined that Ms. McKee is entitled to 37% of the marital estate or $400,477. However, in the table on page 8 of the May 23, 2000 opinion, we calculated the value of Ms. McKee's interest in the Oak Valley Drive property and the North Carolina property based on 35% rather than 37%. When her interest in these assets is properly calculated, Ms. McKee's interest in the Oak Valley Drive property is $18,500, and her interest in the North Carolina property is $185,000. As a result of these corrections, Ms. McKee's cash award must be reduced from $180,274 to $169,274. Based on this reduction, Mr. McKee will be required to pay Ms. McKee $1,411 per month over ten years if he elects to pay the cash award to Ms. McKee in installments rather than in a lump sum. We have attached to this opinion a revised page that should be substituted for page 8 of the May 23, 2000 opinion.