IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned January 20, 2009

# HIRAM POOLE v. STATE OF TENNESSEE, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 08-1111-IV     Russell Perkins, Chancellor**

**No. M2008-01684-COA-R3-CV -** Filed February 4, 2009

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

Hiram Poole, Murfreesboro, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Gina J. Barham, Deputy Attorney General, Laura T. Kidwell, for the appellee, Tennessee Lottery Commission.

## OPINION

### Memorandum Opinion[1]

The appellant filed this action against the State of Tennessee and the Tennessee Lottery Commission alleging that the defendants breached a contract with him by failing to pay him the $171,000,000 grand prize for the December 8, 2004 Powerball drawing.[2] The trial court dismissed the action as barred by the doctrine of res judicata. We affirm.

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]The appellant purchased his lottery ticket from a retailer licensed by the Tennessee Education Lottery Corporation, not the "Tennessee Lottery Commission." The court will refer to the defendants collectively as the "Lottery."

## I. FACTS

On December 4, 2004, Hiram Poole purchased a Powerball lottery ticket for the December 8, 2004 Powerball drawing. The ticket contained five "plays", labeled a-e, for which Mr. Pool paid one dollar each for a total of five dollars. Each play consisted of five numbers plus a sixth Powerball number. The winning numbers for the December 8, 2004 Powerball drawing were 17-13-50-35-45-2. None of Mr. Poole's plays contained all six winning numbers. However, all six winning numbers did appear somewhere on the ticket, albeit spread among all five plays. Mr. Poole, believing he had won the grand prize of 171,000,000 million dollars, presented his ticket to the Lottery. The Lottery determined that Mr. Poole's ticket was not a winning ticket because no one play on the ticket contained all the winning numbers.

On August 6, 2007, Mr. Poole filed a complaint against the State of Tennessee and the Tennessee Lottery Commission in the Chancery Court for Davidson County, Case No. 07-1755-I, alleging that the Lottery had breached its contract with him by failing to pay him the 171,000,000 million dollar grand prize. The Lottery filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss, and trial court dismissed the complaint for failure to state a claim on October 4, 2007. The trial court subsequently denied Mr. Poole's motion for relief pursuant to Tenn. R. Civ. P. 60. Mr. Poole did not file an appeal.

On May 22, 2008, Mr. Poole filed the current action against the State of Tennessee and the Tennessee Lottery Commission. Mr. Poole's second complaint is virtually identical to the complaint he filed in Case No. 07-1755-I. The Lottery filed a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6) and / or for summary judgment pursuant to Tenn. R. Civ. P. 56, asserting that Mr. Poole's complaint is barred by the doctrine res judicata and that it fails to state a claim upon which relief can be granted. On July 1, 2008, the trial court dismissed the complaint, holding that the action is barred by the doctrine of res judicata and that the complaint is without merit because Mr. Poole's Powerball ticket is not a winning ticket under the Rules and Regulations of the Tennessee Education Lottery Corporation. Mr. Poole timely filed a notice of appeal to this court.

## II. PENDING MOTIONS

After Mr. Poole tendered his brief, he filed two motions requesting oral argument. Mr. Poole did not request oral argument on the cover of his brief as required by Tenn. R. App. P. 35(a), and the Lottery opposed his request for oral argument. The court hereby denies the request for oral argument pursuant to Tenn. R. App. P. 35, and the case has thus been submitted to the court for a decision on the record and briefs.

In addition, Mr. Poole filed a "Request Trial De Nova" and several motions requesting that this court consider a video of the Wednesday, December 8, 2004 Powerball drawing, a transcript from case No. 07-1755-I, and printouts from several web pages. The court has considered the entire record on appeal including the CD-Rom video included therein. To the extent Mr. Poole seeks consideration of other matters not in the record, his motions are denied. This court's jurisdiction is

appellate only, and our review is confined to those facts established by the evidence in the trial court and set forth in the record on appeal. Tenn. R. App. P. 13(c). We may not act as a fact finding court, *Lewis v. Donoho*, App. No. 02S01-9901-CV-00006, (Tenn. May 21, 1999)(order on petition to rehear), or consider evidence not heard by the trial court. *Duncan v. Duncan*, 672 S.W.2d 765, 768 (Tenn. 1984).

Finally, the Lottery has filed a motion to strike Mr. Poole's brief pursuant to Tenn. Ct. App. R. 9 on the grounds the brief shows disrespect and contempt for the trial court. The court declines to strike Mr. Poole's brief, but will consider only those portions of the brief relevant to issues on appeal.

### III. RES JUDICATA

The trial court determined that the appellant's claims are barred by the doctrine of res judicata. Res judicata is a claim preclusion doctrine that serves an essential function in our system of justice by promoting finality in litigation. See *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn.1976); *Young v. Barrow*, 130 S.W.3d 59, 64 (Tenn. Ct. App.2003). Under that doctrine, "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to subsequent action involving the same claim, demand, or cause of action." *Richardson v. Tennessee Board of Dentistry*, 913 S.W.2d 446, 459 (Tenn.1995) (quoting Black's Law Dictionary 1172 (5th Ed.1979)). *See also Young*, 130 S.W.3d at 64.

The doctrine is based on the principle of finality and is justified on broad grounds of public policy in order to protect litigants and society from the expense and annoyance of interminable litigation about the same matter. *Moulton*, 533 S.W.2d at 296. This principle is sometimes expressed by saying that a plaintiff is only entitled to one bite of the apple. *Gerber v. Holcomb*, 219 S.W.3d 914, 918 (Tenn. Ct. App.2006); *Fye v. Kennedy*, 991 S.W.2d 754, 761 (Tenn. Ct. App.1998). In other words, a party may not file the same claim again and again in hopes of a different result.

Under res judicata, a second suit between the same parties or their privies on the same cause of action is barred with respect to all the issues which were or could have been litigated in the former suit. *Richardson*, 913 S.W.2d at 459; *Collins v. Greene County Bank*, 916 S.W.2d 941, 945 (Tenn. Ct. App.1995). Parties asserting a res judicata defense must demonstrate that (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action. *Young*, 130 S.W.3d at 64; *Lien v. Couch*, 993 S.W.2d 53, 55-56 (Tenn. Ct. App.1998); *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App.1990).

The Lottery has successfully demonstrated all four elements of a res judicata defense. First, both this case and the prior case, No. 07-1755-I, were filed in the Chancery Court for Davidson County, a court of competent jurisdiction. Second, the trial court dismissed the prior case for failure to state a claim pursuant to Tenn. R. Civ. P. 12.02(6), which is an adjudication on the merits. *Boyd*

*v. Prime Focus, Inc.*, 83 S.W.3d 761, 766 (Tenn. Ct. App.2001); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 208 (Tenn. Ct. App.1994). Moreover, the October 4, 2007 dismissal order resolved all of the plaintiff's claims, no notice of appeal or post-judgment motion under Tenn. R. Civ. P. 52 or 59 was filed, and Mr. Poole's Tenn. R. Civ. P. 60 motion was denied. The October 4, 2007 judgment was thus final and on the merits. Third, both the prior case and the current case involved the exact same parties. Finally, both proceedings involved the same set of facts and the same cause of action. Indeed, the current complaint is practically identical to the complaint in the prior case.

In short, Mr. Poole has already litigated the exact same claims raised in this case against the exact same parties before a court of competent jurisdiction. Mr. Poole lost, and that decision has become final. He cannot file the same complaint again hoping to get a different result.

Mr. Poole has raised several issues in his brief concerning the merits of his complaint. Because we have determined that the complaint is barred by the previous judgment in case No. 07-1755-I, those issues are pretermitted. Mr. Poole has also raised several issues in his brief concerning the trial court's ruling in case No. 07-1755-I. However, Mr. Poole did not file a timely appeal in that case, and the trial court's decision in that case is now final and not subject to appeal. Tenn. R. App. P. 4.

**IV.**

The judgment of the trial court is affirmed. We remand this case to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant, Hiram Poole.

PER CURIAM

-4-