IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 19, 2020, at Knoxville

**MIGUEL SAENZ v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**Nos. 11-04210, 11-04211   James M. Lammey, Judge**
_____

**No. W2019-01665-CCA-R3-PC**
_____

The petitioner, Miguel Saenz, appeals the dismissal of his post-conviction petition, arguing the post-conviction court erred in dismissing the petition as time-barred.  Following our review, we affirm the post-conviction court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Sofia Aranda, New York, New York, for the appellant, Miguel Saenz.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Amy Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On January 9, 2013, the petitioner pleaded guilty to two counts of attempted aggravated sexual battery and received an effective sentence of six years to be served on probation.  No appeal was taken from the petitioner's convictions and sentence. Approximately eleven months later, removal proceedings were initiated against the petitioner by the United States Department of Homeland Security ("DHS").  On January 8, 2014, the petitioner's wife retained coram nobis counsel to "represent [the petitioner] pertaining to an immigration matter and a criminal matter, to wit: preparing, filing, and presenting a motion to set aside [the petitioner's] criminal convictions for aggravated sexual battery."  A petition for writ of error coram nobis was then filed on August 18, 2016,

in which the petitioner argued his guilty plea was not knowing and voluntary because trial counsel failed to inform the petitioner of the potential immigration consequences of his guilty plea. This Court upheld the trial court's denial of the petition in a memorandum opinion. *Miguel Saenz v. State*, W2016-0259-CCA-R3-ECN, 2018 WL 1989622 (Tenn. Crim. App. April 26, 2018), *no perm. app. filed.*

On July 15, 2019, the petitioner filed a petition for post-conviction relief, arguing trial counsel was ineffective for failing to argue the petitioner's "actual innocence," claiming the victims had recanted, and failing to advise the petitioner regarding the immigration consequences of his guilty plea. The petitioner acknowledged his petition was untimely but argued he was entitled to equitable tolling because coram nobis counsel misled him "to believe that efforts were underway to vacate the criminal conviction which was the basis for his removal from the United States." More specifically, the petitioner argued coram nobis counsel should have filed a petition for post-conviction relief rather than a petition for error coram nobis.

The post-conviction court dismissed the petition in a written order finding the petition was time-barred and no exceptions existed which prevented the petitioner from pursuing his claims in a timely manner. Specifically, the post-conviction court noted that the petitioner did not diligently pursue his post-conviction claims, waiting until a month before the expiration of the statute of limitations before hiring coram nobis counsel. Additionally, the post-conviction court found coram nobis counsel made a strategic decision to pursue a coram nobis petition rather than a post-conviction petition. This timely appeal followed.

## *Analysis*

On appeal, the petitioner argues he is entitled to due process tolling of his post-conviction claims, alleging they were untimely due to coram nobis counsel's misconduct. He also argues his guilty plea is invalid due to the "absence of a factual basis to support the convictions." The State contends the post-conviction court properly dismissed the petition as untimely, and the petitioner has waived his claim that his guilty plea is invalid.

A post-conviction petitioner has one year from "the date of the final action of the highest state appellate court" in which to file a petition for relief. Tenn. Code Ann. § 40-30-102(a). If no appeal is taken, the petition must be filed within one year of the date on which the judgment becomes final. *Id.* "Time is of the essence of the right to file a petition for post-conviction relief." *Id.* Untimely filing of a post-conviction petition extinguishes a petitioner's post-conviction claims. *Id.* A trial court shall not have jurisdiction to consider a post-conviction petition after the expiration of the limitations period unless:

(1)  The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required.  The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2)  The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3)  The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case to which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b).

In addition, the Tennessee Supreme Court has held that the statute of limitations for filing a post-conviction petition should be tolled in limited circumstances when "strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State,* 44 S.W.3d 464, 468 (Tenn. 2001) (citing *Burford v. State,* 845 S.W.2d 204 (Tenn. 1992)). To determine whether the *Burford* rule applies in a given factual situation, the Tennessee Supreme Court set forth the following three-step process:

(1)  determine when the limitations period would normally have begun to run;

(2)  determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and,

(3)  if the grounds are "later-arising," determine whether a strict application of the limitations period would effectively deprive the petitioner of a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 300 (Tenn. 1995).

Relying on *Williams*, the petitioner claims coram nobis counsel's alleged misrepresentation constitutes a violation of due process which should toll the statute of limitations. 44 S.W.3d 464. Specifically, the petitioner contends he found a letter in coram nobis counsel's file purportedly written by the petitioner on June 12, 2014, nearly four months after the expiration of the one-year statute of limitations, requesting coram nobis counsel's assistance in vacating the petitioner's convictions. The petitioner denies writing the letter or asking anyone to write it on his behalf. Rather, he argues the mere existence of the letter, dated five months after coram nobis counsel was retained, was to "conceal [coram nobis counsel's] failure to fulfill the terms of the client-attorney agreement" that was signed in January. Thus, according to the petitioner, the letter is evidence of misconduct and deception.

Initially we note that the petitioner's claim concerning the letter and the letter itself were never presented to the post-conviction court, and therefore, are being presented for the first time on appeal. Additionally, we note the petitioner attached the letter in question as an exhibit to his brief. In response, the State filed a motion to strike claiming the letter was not part of the appellate record. This Court granted the State's motion. The petitioner then filed a motion to supplement the record with the letter under Tennessee Rule of Appellate Procedure 14(a) as a post-judgment fact. The State objected. On March 3, 2020, this Court denied the petitioner's motion holding,

> The State is correct that neither the letter (Exhibit 1) nor the affidavit (Exhibit 2) constitute the type of post-judgment fact that this Court may consider under Tennessee Rule of Appellate Procedure 14. Both exhibits relate to facts that occurred prior to the post-conviction court's judgment. Additionally, they relate directly to the merits of the issue on appeal, namely whether the post-conviction statute of limitations should be tolled due to attorney misconduct. Finally, the facts contained in Exhibits 1 and 2 "could be controverted or contested when presented to the trial court" and "might lead to differing opinions or conclusions." *Alden Joe Daniel, Jr. v. State*, No. E2002-02838-CCA-R3-PC, 2003 WL 22187067, at *12 (Tenn. Crim. App. Sept. 23, 2003) (citing *Duncan v. Duncan*, 672 S.W.2d 765, 767 (Tenn. 1984)), *perm. app. denied* (Tenn. Dec. 22, 2003).

Based on the procedural history of this case and the prior orders of this Court, this panel will not consider the letter and consider the petitioner's claim concerning the letter as waived. *See State v. Matthews*, 805 S.W.2d 776, 783 (Tenn. Crim. App. 1990); Tenn. R. App. P. 24(e). "'When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal.'" *State v. Clayton*, 535 S.W.3d 829, 848 (Tenn. 2017) (quoting *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993)).

Despite the petitioner's waiver and the exclusion of the letter, the petitioner generally alleges misconduct on the part of coram nobis counsel, claiming that counsel's pursuit of coram nobis relief prevented the petitioner from timely filing his post-conviction petition and that counsel failed to abide by the terms of the attorney-client agreement and seek to vacate the petitioner's guilty plea.

In *Williams,* the court stated:

> [W]e are not holding that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence. Instead, the focus here is only upon trial and appellate counsel's alleged misrepresentation in failing to . . . notify the petitioner that no application for permission to appeal would be filed in [the Tennessee Supreme] Court.

*Id.* at 468 n. 7. The court then remanded the case for an evidentiary hearing to determine "(1) whether due process tolled the statute of limitations so as to give [the petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether [the petitioner's] filing of the post-conviction petition . . . was within the reasonable opportunity afforded by the due process tolling." *Id.* at 471. The court was concerned "[the petitioner] might have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of his counsel." *Id.* at 468. This Court, however, determined a hearing on due process concerns is not required every time a petitioner alleges his petition is untimely due to trial or appellate counsel's negligence. *Craig Robert Nunn v. State*, No. M2005-01404-CCA-R3-PC, 2006 WL 680900, at *5 (Tenn. Crim. App. Mar. 17, 2006), *no perm. app. filed*.

Contrary to the petitioner's claim, coram nobis counsel did attempt to vacate the petitioner's guilty plea. While coram nobis counsel filed a petition for writ of error coram nobis rather than a petition for post-conviction relief, the purpose of the coram nobis petition was to have the petitioner's conviction set aside. Additionally, the filing of the error coram nobis petition did not preclude the petitioner from also seeking post-conviction relief. A review of the petition for post-conviction relief and the petitioner's argument on appeal concerning counsel's alleged misconduct can be summarized as a claim that the statute of limitations should be tolled because coram nobis counsel's attempt to set aside the petitioner's conviction was unsuccessful. The fact that a trial strategy or tactic failed or was detrimental to the defense does not, alone, support a claim for ineffective assistance of counsel. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). Deference is given to sound tactical decisions made after adequate preparation for the case. *Id.*

Moreover, applying the test outlined in *Sands*, the petitioner's claims that trial counsel was ineffective for failing to present exculpatory evidence of the petitioner's actual innocence and inform the petitioner regarding the immigration consequences of his guilty plea are not "later-arising." *See Nasir Hakeem v. State*, No. M2016-02549-CCA-R3-PC, 2018 WL 2278092, at *6 (Tenn. Crim. App. Dec. 12, 2017), *perm. app. denied* (Tenn. May 18, 2018) ("This [C]ourt has consistently rejected arguments that a petitioner's claim for relief under *Padilla* is 'later[-]arising' when determining whether there is a basis for due process tolling."); *Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996) ("[T]he petitioner's grounds for post-conviction relief, ineffective assistance of counsel and involuntary plea, existed at the time of his conviction."). Although the petitioner contends he was unaware his convictions for aggravated sexual battery would negatively impact his immigration status, his ineffective assistance of counsel claim for failing to inform him of immigration consequences existed when his judgment became final. The lack of knowledge or late discovery of a claim does not make it "later-arising." *See Brown*, 928 S.W.2d at 456. Furthermore, the petitioner had knowledge of the deportation proceedings prior to the expiration of the statute of limitations. Based on the record before us, we conclude no facts exist which require the tolling of the statute of limitations for due process concerns. Accordingly, the order of the post-conviction court denying the petitioner's post-conviction petition as time-bared must be upheld.

Finally, the petitioner claims his guilty plea is invalid due to the absence of a factual basis to support his convictions. However, the petitioner failed to raise this issue in his post-conviction petition. Issues not raised in the post-conviction petition cannot be raised for the first time on appeal. Tenn. Code Ann. § 40-30-104(d); *Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("[A]n issue raised for the first time on appeal is waived."). Accordingly, the issue is waived, and the petitioner is not entitled to relief.

### *Conclusion*

Based upon the foregoing authorities and reasoning, we affirm the post-conviction court's order dismissing the post-conviction petition as time-barred.

_____
J. ROSS DYER, JUDGE