IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 20, 2020

**HERBERT MONCIER v. TIMOTHY WHEELER**

**Appeal from the Circuit Court for Knox County**
**No. 1-192-19          Kristi M. Davis, Judge**

———————————————————————

**No. E2020-00943-COA-T10B-CV**

———————————————————————

Petitioner appeals the denial of his motion to recuse the trial court in an attorney's fees lawsuit. Because the Petitioner failed to comply with the mandatory requirements of Rule 10B of the Rules of Tennessee Supreme Court, we affirm the trial court's ruling.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which RICHARD H. DINKINS and THOMAS R. FRIERSON, II, JJ., joined.

Darren V. Berg, Knoxville, Tennessee, for the appellant, Timothy Wheeler.

Herbert Sanford Moncier, Knoxville, Tennessee, Pro Se.

**OPINION**

**BACKGROUND**

This matter involves a motion for recusal denied by the Knox County Circuit Court ("the trial court"). Previously, Appellee/Respondent Herbert S. Moncier ("Mr. Moncier") represented Appellant/Petitioner Timothy Wheeler ("Mr. Wheeler") when Mr. Wheeler sued his former employer, the Circuit Court Clerk of Knox County. In that particular matter, all judges within the Knox County Circuit Court recused themselves and requested that the case be reassigned on June 30, 2015.

In a separate matter, Mr. Moncier later sued Mr. Wheeler in the trial court for unpaid attorney's fees on May 24, 2019. Mr. Wheeler's counsel alleged that he first learned of the previous recusal while preparing for a hearing regarding the attorney's fees lawsuit. Mr.

Wheeler therefore filed a motion for the trial court to recuse itself from the present matter on June 11, 2020. In his motion, Mr. Wheeler argued that the attorney's fees matter was a derivative of the original lawsuit where the trial court previously recused itself. Mr. Wheeler also stated that the trial court should recuse itself based on a separate, federal lawsuit that Mr. Wheeler had filed against Knox County, Tennessee. The motion for recusal was heard by the trial court with other motions later that day.

An order denying Mr. Wheeler's motion for recusal was filed on June 11, 2020, and signed by the trial court on June 12, 2020. The trial court ruled that the motion failed to comply with Rule 10(B) of the Rules of the Supreme Court of Tennessee because it did not contain an affidavit and was not timely filed. Despite these procedural deficiencies, the trial court addressed the merits of the motion, ruling that the allegations were not sufficient to necessitate recusal. While Mr. Wheeler argued that the attorney's fees claim was a derivative of the original lawsuit in which the trial court had previously recused itself, the trial court distinguished the attorney's fees case from the previous lawsuit and stated that the basis for the previous recusal "was not a factor in the present case." Additionally, the trial court ruled on Mr. Moncier's application for attorney's fees and heard Mr. Wheeler's separate motion to reconsider a previous order. Counsel for Mr. Wheeler did not sign the order, but the order contained a certificate of service signed by Mr. Moncier and dated June 20, 2020. The trial court held an additional discovery-related hearing on July 8, 2020. Mr. Wheeler filed a petition for recusal appeal on July 13, 2020.[1]

## ISSUE PRESENTED

Mr. Wheeler presents a single issue for review: whether the trial court erred in denying his motion for recusal filed in the trial court. We review the trial court's denial of a motion to recuse under a de novo standard of review. Tenn. Sup. Ct. R. 10B, § 2.01.

## DISCUSSION

We begin with certain procedural issues concerning Mr. Wheeler's Petition for Recusal Appeal. Pursuant to Rule 10B of the Rules of the Tennessee Supreme Court, a litigant is entitled to seek disqualification of a trial judge by filing a motion that (1) is supported by an affidavit under oath or a declaration under penalty of perjury by personal knowledge or by other appropriate materials; (2) states, with specificity, all factual and legal grounds supporting disqualification of the judge; and (3) affirmatively states that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Tenn. Sup. Ct. R. 10B, § 1.01.

Upon filing of such motion, the judge whose recusal is sought shall either grant or

---

[1] Following his appeal to this Court, Mr. Wheeler filed a motion to stay proceedings in the trial court on July 23, 2020. We denied Mr. Wheeler's motion through an order entered on July 27, 2020.

deny the motion in writing. If the motion is denied, the judge shall state in writing the grounds for the denial. Tenn. Sup. Ct. R. 10B, § 1.03. Additionally, if the motion is denied, the movant may file an accelerated interlocutory appeal of the denial. According to Section 2.02 of Rule 10B of the Rules of the Tennessee Supreme Court:

> To effect an accelerated interlocutory appeal as of right from the denial of the motion, a petition for recusal appeal shall be filed in the appropriate appellate court within twenty-one days of the trial court's entry of the order. In civil cases, a bond for costs as required by Tenn. R. App. P. 6 shall be filed with the petition. A copy of the petition shall be promptly served on all other parties, and a copy also shall be promptly filed with the trial court clerk.

Tenn. Sup. Ct. R. 10B, § 2.02. The movant is also required to include "a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03.

"If the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal." Tenn. Sup. Ct. R. 10B, § 2.05. After a review of the petition and supporting documents associated with the petition, we have concluded that an answer, additional briefing, and oral argument are not necessary in this matter. Instead, we will summarily act on this appeal as provided by section 2.05 of Rule 10B.

We begin first with this Court's subject matter jurisdiction, as it is a threshold matter in this case. Challenges related to the court's subject matter jurisdiction "call into question the court's lawful authority to adjudicate a controversy brought before it, and, therefore, should be viewed as a threshold inquiry. Whenever subject matter jurisdiction is challenged, the burden is on the plaintiff to demonstrate that the court has jurisdiction to adjudicate the claim." ***Redwing v. Catholic Bishop for Diocese of Memphis***, 363 S.W.3d 436, 445 (Tenn. 2012) (internal quotation marks and citations omitted). In particular, Mr. Moncier contends that this appeal should be dismissed because Mr. Wheeler's petition for recusal appeal was untimely. As previously discussed, a petition for recusal appeal must be filed within twenty-one days "of the trial court's entry of the order." Tenn. Sup. Ct. R. 10B, § 2.02. Further, the time period for filing a petition for recusal appeal is jurisdictional and cannot be extended by this Court. Tenn. Sup. Ct. R. 10B, § 2.07.

Mr. Moncier contends that the trial court's order was entered on June 11, 2020, and the petition for recusal appeal was filed thirty-two days later on July 13, 2020. Here, the recusal order was filed by the court clerk on June 11, 2020 and signed by the trial court on June 12, 2020. However, Mr. Wheeler's attorney did not sign the order, and the date listed on the certificate of service signed by Mr. Moncier was June 20, 2020. If the "entry of the order" occurred on the date listed on the certificate of service, Mr. Wheeler's petition for

recusal appeal would be timely. On the other hand, if entry occurred when the order was signed by the judge and filed by the clerk, Mr. Wheeler's petition was untimely.

Entry of "a judgment or an order of final disposition is effective" when it is filed for entry by the clerk and one of three different circumstances occurs under Rule 58 of the Tennessee Rules of Civil Procedure. One method is for all the parties or their counsel to sign the order. Tenn. R. Civ. P. 58(1). Another option provides for an order to be signed by the judge and to include a certificate of service from the clerk indicating that the order was served on the parties or their counsel. Tenn. R. Civ. P. 58(3). The final method for a judgment to be effective under Rule 58 is for the order to contain "the signature of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel." Tenn. R. Civ. P. 58(2).

As noted by the above language, Rule 58 generally applies in the context of a final judgment. *Cf.* **Regions Bank v. Prager**, No. W2019-00782-COA-R3-CV, 2020 WL 2319168, at \*5 (Tenn. Ct. App. May 11, 2020) (Stafford, J., dissenting) ("A judgment is not final unless and until the requirements of Rule 58 are met.") (citing **Riggs v. Wright**, 510 S.W.3d 421, 425 (Tenn. Ct. App. 2016) (noting that a Tennessee Supreme Court order determined that a notice of appeal was timely when it was filed within thirty days of the date that Rule 58 was complied with, although the notice of appeal was filed more than thirty days from the entry of the subject order)). An accelerated appeal under Rule 10B, however, does not concern a final judgment, but one that is interlocutory. Still, the advisory committee comments indicate the purpose of Rule 58 "is to provide notice to all parties or their counsel before judgment becomes final to allow either party to file a timely appeal." Tenn. R. Civ. P. 58, adv. comm. cmt. to 1980 amend. Rule 10B provides an immediate appeal of the denial of a motion to recuse; applying Rule 58's notice requirements to 10B orders clearly falls within this purpose.

At least one case has indeed cited Rule 58 in the context of an accelerated interlocutory appeal under Rule 10B. *See* **Muse v. Jolley**, No. E2014-02462-COA-T10B-CV, 2015 WL 303366, at \*2 (Tenn. Ct. App. Jan. 23, 2015) (citing Rule 58 in the context of a recusal appeal). In **Muse**, this Court dismissed a petition for recusal appeal based on a failure to timely file the petition. 2015 WL 303366, at \*2. The order denying a motion for recusal was signed by the judge and all counsel and stamped for entry by the court clerk on November 19, 2014. *Id.* The order was mailed to the parties on December 3, 2014, and an appeal was filed after that. *Id.* This Court held that the order was entered when it was signed by the judge and all counsel and was stamped for entry by the court clerk. A failure to mail an order did not affect the time for failing to file a notice of appeal. *Id.* (citing Tenn. R. Civ. P., Advisory Comm'n Comment to 2005 Amendment).

Applying Rule 58 in this case would lead to the opposite result. Unlike **Muse**, where the order was signed by all parties and entered on the same day, the present order does not contain the signatures for counsel of all the parties. Rather, after the June 11, 2020 stamp-

filing of the order and the June 12, 2020 signing of the order by the trial court, Mr. Moncier, acting pro se, signed a certificate of service to Mr. Wheeler's counsel on June 20, 2020. *See* Tenn. R. Civ. P. 58(2). If Rule 58 is applicable, then the trial court's order did not become effective until this certificate of service was completed on June 20, 2020. Mr. Wheeler's July 13, 2020 petition for a recusal appeal would therefore be timely under this analysis.

We need not resolve this issue, however, as other deficiencies in Mr. Wheeler's motion and petition are fatal to his claims. We begin with the issue of the mandatory affidavit. As stated in the Rule 10B, a motion for recusal "shall be supported by an affidavit under oath or a declaration under penalty of perjury by personal knowledge or by other appropriate materials[.]" Tenn. Sup. Ct. R. 10B, § 1.01. We have repeatedly held that this language is mandatory. *See, e.g., Elliott v. Elliott*, No. E2012-02448-COA-10B-CV, 2012 WL 5990268 (Tenn. Ct. App. Nov. 30, 2012). When a petitioner fails to support a motion with this mandatory affidavit or declaration under penalty of perjury, we have repeatedly held that the request for recusal was waived. *See, e.g., Hobbs Purnell Oil Company, Inc. v. Butler*, No. M2016-00289-COA-R3-CV, 2017 WL 121537, at *14–15 (Tenn. Ct. App. Jan. 12, 2017); *Childress v. United Postal Serv., Inc.*, No. W2016-00688-COA-T10B-CV, 2016 WL 3226316, at *2–3 (Tenn. Ct. App. June 3, 2016); *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015). As stated in *Johnston*,

> We emphasize . . . that the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court so as to allow this Court to meet its obligations under section 2.06 of the rule, which requires this Court to decide these appeals "on an expedited basis." As such, it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance.

2015 WL 739606, at *2. Thus, when the record on appeal is "procedurally flawed" by the petitioner's failure to include an affidavit or declaration under penalty of perjury in support of the motion to dismiss, "the record is insufficient to determine the issues raised" in the appeal. *Childress*, 2016 WL 3226316, at *3. In that situation, the trial court's denial of the recusal motion must be affirmed. *Id.*

A review of the procedural history present in this case reveals Mr. Wheeler's repeated failures to comply with Rule 10B's directives. Mr. Wheeler initiated this appeal by the filing of a petition for recusal appeal on July 13, 2020. Despite the clear directive of Rule 10B, this petition was not originally accompanied by the motion for recusal filed in the trial court. Tenn. Sup. Ct. R. 10B, § 2.03. Mr. Wheeler filed a copy of that motion a few days later on July 17, 2020. Even though Mr. Wheeler took additional time beyond the twenty-one-day timeline to file all of the documents in support of his recusal appeal, the

motion was not accompanied by an affidavit. Indeed, no such affidavit was filed in support of the motion in the trial court. Moreover, the motion did not include any declaration under penalty of perjury on personal knowledge in the absence of the accompanying affidavit.

Mr. Wheeler's counsel acknowledges that the original motion for recusal did not contain the mandatory affidavit. As such, he requests "the opportunity to cure the deficiency" because he did not have time to obtain an affidavit between his discovery of the alleged recusal issue and the subsequent motion. As an initial matter, Rule 10B requires that the affidavit or declaration under penalty of perjury be filed in support of the recusal motion to trial court. *See* Tenn. Sup. Ct. R. 10B, § 1.01 (requiring that the affidavit or declaration be filed in support of the motion in the trial court). Supplementing the record on appeal with the required affidavit or declaration that was never presented to the trial court would not fulfill this mandate. Moreover, the jurisdiction of this Court is appellate only. "Appellate jurisdiction necessarily implies that the issue has been formulated and passed upon by the trial court[.]" ***Houston v. Scott***, No. E2010-01660-COA-R3-CV, 2012 WL 121104, at *5 (Tenn. Ct. App. Jan. 17, 2012) (citing ***Duncan v. Duncan***, 672 S.W.2d 765, 767 (Tenn. 1984)). "In the exercise of our appellate jurisdiction, the Court of Appeals looks 'only to the record sent up from [the trial] court.'" ***Id.*** (citing ***Duncan***, 672 S.W.2d at 767). As such, we generally cannot consider documents that were not filed with the trial court. *But see* Tenn. R. App. P. 14 (providing specific rules for parties to submit facts to the trial court "concerning the action that occurred *after* the judgment") (emphasis added). Finally, even if we were to credit Mr. Wheeler's argument that he could not provide the necessary affidavit in a timely manner,[2] he offers no explanation for his failure to comply with the arguably less onerous method of supporting his motion to recuse: by including a declaration under penalty of perjury that the facts contained therein were based on personal knowledge.

The lack of affidavit or declaration under penalty of perjury is not the only deficiency present in Mr. Wheeler's motion; rather, Mr. Wheeler's motion also fails to meet the requirements of section 1.01 of Rule 10B because of its lack of an affirmative statement that the motion was not presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Tenn. Sup. Ct. R. 10B, § 1.01 (stating that this language "shall" be included in the motion). Mr. Wheeler provides no explanation regarding the failure to include this mandatory language in his motion. The failure to include the mandatory language required by Rule 10B can also lead to a waiver of a recusal request on appeal. ***Hobbs Purnell Oil Company, Inc.***, 2017 WL 121537, at *14–15 (considering this failure in addition to the lack of affidavit).

In sum, Mr. Wheeler failed to include language required by Rule 10B in his recusal

---

[2] The assertion that Mr. Wheeler's counsel was not aware of the prior recusal until such a late date falls a bit flat, given that his client was the plaintiff in those earlier proceedings and should have been on notice of what occurred.

- 6 -

motion and failed to support his motion by the mandatory affidavit or declaration under penalty of perjury. These deficiencies, taken together, cannot be corrected on appeal. Because the record is insufficient to resolve the issue raised by Mr. Wheeler, the issue of recusal is waived on appeal. We therefore affirm the trial court's denial of his motion for recusal.

## CONCLUSION

The judgment of the Knox County Circuit Court is affirmed. This cause is remanded to the trial court for all further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Petitioner Timothy Wheeler, for which execution may issue if necessary.

<u>s/ J. Steven Stafford</u>
J. STEVEN STAFFORD, JUDGE